```
          IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                           CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                            **CRIMINAL NO. 2:20-mj-00070**

**MICHAEL LEROSE**


## UNITED STATES MOTION TO RECONSIDER
## ORDER RELEASING DEFENDANT ON BOND

Comes now the United States of America by L. Alexander Hamner, Assistant United States Attorney for the Southern District of West Virginia, and files this Motion to Reconsider pursuant to 18 U.S.C. § 3142(f)(2)(B).

**I.   Procedural Background**

On June 9, 2020, a complaint was issued against defendant Michael LeRose ("defendant") in the Southern District of West Virginia charging him with being a prohibited person in possession of firearms. ECF 1.

The complaint charges defendant with possessing firearms on June 9, 2020, after having previously been involuntarily committed to a mental institution on September 16, 2005, 18 U.S.C. § 922(g)(4).

Defendant was arrested during the execution of a search warrant on his residence in Nitro, West Virginia, in the Southern District of West Virginia on June 9, 2020.  The United States filed a Motion for Detention Hearing on the day of defendant's arrest.  ECF 3. The United States moved for pretrial detention on the basis of danger to the community, pursuant to 18 U.S.C. 3142(e), (f)(1)(A), (E), and (f)(2)(B).

Defendant's initial appearance was held before the Honorable United States Magistrate Judge Dwane L. Tinsley ("Magistrate Judge") on June 9, 2020.  At the conclusion of the initial appearance, defendant was remanded to the custody of the United States Marshal Service.

Defendant's preliminary and detention hearings were scheduled for June 16, 2020.  Prior to the detention hearing, the United States Probation Office prepared a pretrial services report ("report").  The report set forth conditions that it believed would permit defendant to be released on bond.  However, the probation office was not aware at the time it drafted its recommendation of several important facts, including: defendant's ties to a militia group, his possession of a suspected machine gun, his possession of a suspected silencer, his possession of a suspected machine gun, or the underlying reasons for domestic violence protective

2

order that was recently granted in Kanawha County. The report also set forth the nature and circumstances of the charged offense, defendant's prior criminal record, and his employment. The report also addressed defendant's three prior domestic violence protection orders that were filed against defendant in Cabell and Kanawha County Courts. All three orders were granted, with the most recent being granted on June 7, 2020, in Kanawha County. Ultimately, probation concluded that there were conditions or a combination of conditions to reasonably assure defendant's appearance. The report recommended that defendant be released on bond.

On June 16, 2020, defendant waived his right to a preliminary hearing and acknowledged that probable cause existed for the crime alleged. The detention hearing was then conducted, wherein the United States and defense counsel presented evidence by proffer.

During the hearing, the United States presented evidence that defendant was associated with the Sons of Liberty, a suspected anti-government extremist group.

The United States also presented evidence regarding defendant's appearance at a protest on May 31, 2020, in Charleston, West Virginia, wherein the defendant was carrying an assault rifle, and handgun, and wearing a bulletproof tactical vest. At that

rally, defendant made statements to the *Charleston Gazette*, stating that he was there to protect the people from the government and that if the people were going to burn anything down, it should be the police station.

The United States also introduced evidence of the items recovered from the search warrant, which included two 9mm handguns, a 5.56 caliber rifle, a .22 caliber rifle, 2 am-15 multi-caliber rifle frames, ammunition, the tactical vest, an auto conversion kit for the rifle, drug paraphernalia, psychedelic mushrooms, and marijuana. Additionally, defendant was interviewed and made several admissions to law enforcement regarding his involvement in the militia groups, the items seized at his residence, his involuntary commitment, and his drug use.

At the conclusion of the hearing the Magistrate Judge followed the recommendation made by probation to release defendant on bond with certain conditions. ECF 15.

After the Magistrate Judge issued his Order, the United States filed a Motion to Stay the Order of Release pending an appeal pursuant to 18 U.S.C. § 3145(a) to this court, the court of original jurisdiction. ECF 18. That motion was denied. ECF 19.

The United States asks this Court to reconsider based on newly discovered evidence, specifically the underlying basis for the domestic violence protective order granted in Kanawha County.

## II. Discussion

The government may move for detention on the basis of danger to the community only for an offense that is listed in 18 U.S.C. § 3142(f)(1)(A) to (E). In this instance, "the government may move for pretrial detention on dangerousness grounds pursuant to subsection (f)(1)(A) which references a 'crime of violence,' and (f)(1)(E) which includes 'any felony that is not otherwise a crime of violence that involves . . . use of a firearm or destructive device, or other dangerous weapon . . . .'" *United States v. Schenberger*, 498 F. Supp. 2d 738, 741 (D.N.J. 2007).

In the present case, the United States moved for detention pursuant to 18 U.S.C. § 3142(e), that no condition or combination of conditions would reasonably assure the safety of the community because there was probable cause to believe that defendant committed a crime of violence and a crime involving a firearm under 18 U.S.C. § 922.

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged,

5

including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

### III. Newly Discovered Evidence

At the detention hearing, the United States proffered evidence to the Court. The United States asks this Court to consider that evidence in conjunction with this newly discovered evidence.

On June 8, 2020, a former girlfriend of defendant ("petitioner") filed a petition for an emergency protective order against defendant. *See* Exhibit A. The petition was granted on that same date.

On June 17, 2020, petitioner's mother called the United States Attorney's Office out of concern for petitioner. At that time, petitioner's mother requested that petitioner be provided the opportunity to inform the United States about defendant's prior threats and behaviors against her. The United States then received information from petitioner by means of telephone, with Special Agent Knoll participating in that call. This information is as follows:

1. Petitioner is currently pregnant with defendant's daughter, and has another child with defendant. She is scheduled for a c-section on August 4, 2020, when she will be 39-weeks into her pregnancy. Defendant has been aware of her pregnancy from the beginning as he provided her with the pregnancy test to take;

2. On multiple occasions, including once earlier this year, defendant has pointed a firearm at petitioner. He was aware that she was pregnant when he pointed the firearm at her;

3. Defendant has previously made threats to kill petitioner. In February or March of 2020, he told her that it was a "miracle" that he had not already killed her;

4. Despite being aware that petitioner was pregnant, earlier this year defendant was angry with her and physically pushed her multiple times;

5. Defendant has called petitioner and told her about his suicidal ideation this year; and

6. On June 7, 2020, defendant sent a series of text messages to petitioner telling her that he was coming to take his possessions back from her "by force." Defendant texted that he was going to "fuck her life up" and that, "I want my fucking shit back, I will be coming for it."

**IV. Conclusion**

While the Court originally considered the evidence proffered by the United States at the hearing on June 16, 2020, the United States asks the Court to reconsider its decision based on the additional new information. The new information in conjunction with the evidence proffered at the detention hearing, demonstrates that there is no condition or set of conditions to reasonably ensure the safety of the community. Furthermore, the petitioner has provided evidence that makes her a potential witness in this case and has conveyed defendant's alleged threats against her. Considering the nature and circumstances of the instant offense, the weight of the evidence against defendant, defendant's history,

8

and his danger to the community, there are no conditions that will reasonably assure the safety of any person and the community.

WHEREFORE, the United States respectfully requests that this Court revoke the Order of the Magistrate Judge releasing defendant on bond and detain defendant pending further proceedings.

Respectfully submitted,

MICHAEL B. STUART
United States Attorney

By: /s/L. Alexander Hamner
L. ALEXANDER HAMNER
Assistant United States Attorney
IN Bar No. 31996-41
300 Virginia Street East
Suite 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: alex.hamner@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "UNITED STATES MOTION TO RECONSIDER ORDER RELEASING DEFENDANT ON BOND" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 18th day of June, 2020, to:

>John A. Carr, Esq.
>John A. Carr Attorney at Law, PLLC
>179 Summers Street, Ste 209
>Charleston, West Virginia 25301
>304-344-4822
>jcarr@jcarrlaw.com

>/s/L. Alexander Hamner
>L. ALEXANDER HAMNER
>Assistant United States Attorney
>IN Bar No. 31996-41
>300 Virginia Street East
>Suite 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax:  304-347-5104
>Email:  alex.hamner@usdoj.gov