

**United States Department of Justice**

United States Attorney
Southern District of West Virginia



FILED

JUL 28 2020

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

July 1, 2020

John A. Carr, Esq.
179 Summers Street, Ste 209
Charleston, WV 25301

> Re:   United States v. Michael Joseph LeRose
>       Criminal No.  2:20-cr-00097  (USDC SDWV)

Dear Mr. Carr:

This will confirm our conversations with regard to your client, Michael Joseph LeRose (hereinafter "Mr. LeRose"). As a result of these conversations, it is agreed by and between the United States and Mr. LeRose as follows:

1.   **CHARGING AGREEMENT.** Mr. LeRose agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2.   **RESOLUTION OF CHARGES.** Mr. LeRose will plead guilty to the single-count information, which charges him with a violation of 18 U.S.C. § 922(g)(3) and 924 (a)(2).

3.   **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. LeRose will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of up to 10 years;

_____
Defendant's
Initials

    (b)   A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

    (c)   A term of supervised release of up to 3 years; and

    (d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and

    (e)   An order of restitution pursuant to 18 U.S.C §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4.    **SPECIAL ASSESSMENT**. Mr. LeRose has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. LeRose agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.    **ABANDONMENT OF PROPERTY**. Mr. LeRose hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all rights, titles, and interests he may have in the following: a Stag Arms, model STAG-15, 5.56 mm caliber rifle, serial number 170681; a Mossberg, model 702 Plinkster, .22 caliber rifle, serial number EJ3534359; Sig Sauer, model P320, 9mm caliber pistol, serial number 58J076550; Sig Sauer, model P320, 9mm caliber pistol, serial number 58A138662; full auto conversion kit seized by law enforcement on June 9, 2020; homemade silencer; a tactical vest recovered by law enforcement on June 9, 2020; and any and all ammunition recovered by law enforcement on June 9, 2020.

6.    **PAYMENT OF MONETARY PENALTIES**. Mr. LeRose authorizes the Financial Litigation Unit in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. LeRose agrees not to object to the

_____
Defendant's
Initials

John A. Carr, Esq.
July 1, 2020
Page 3

Re: Michael Joseph LeRose

District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. LeRose further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. LeRose authorizes the United States, through the Financial Litigation Unit, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. LeRose shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. LeRose agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Unit, P.O. Box 1713, Charleston, West Virginia 25326-1713, in writing and shall instruct his attorney to notify FLU immediately of his representation.

7. **COOPERATION.** Mr. LeRose will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. LeRose may have counsel present except when appearing before a grand jury.

_____
Defendant's
Initials

8. **USE IMMUNITY**. Unless this agreement becomes void due to a violation of any of its terms by Mr. LeRose, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY**. Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. LeRose for any violations of federal or state laws. The United States reserves the right to prosecute Mr. LeRose for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410**. The United States and Mr. LeRose stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. LeRose agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the information, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. LeRose or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. LeRose knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach

_____
Defendant's
Initials

of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. LeRose understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. LeRose agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2B1.1

| | |
|---|---|
| Base offense level | 20 |
| Possession of 3-7 firearms | + 2 |
| Adjusted offense level | 22 |

The United States and Mr. LeRose acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. LeRose knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. LeRose also knowingly and voluntarily waives any right to seek appellate review of any

_____
Defendant's
Initials

claim or argument that (1) the statute of conviction 18 U.S.C. §
922(g)(3) and 924(a)(2) is unconstitutional, and (2) Mr. LeRose
conduct set forth in the Stipulation of Facts (Plea Agreement
Exhibit B) does not fall within the scope of the 18 U.S.C. §
922(g)(3) and 924(a)(2).

The United States also agrees to waive its right to appeal
any sentence of imprisonment, fine, or term of supervised release
imposed by the District Court, or the manner in which the sentence
was determined, on any ground whatsoever, including any ground set
forth in 18 U.S.C. § 3742(b), except that the United States may
appeal any sentence that is below the minimum penalty, if any,
prescribed by statute.

Mr. LeRose also knowingly and voluntarily waives the right to
challenge his guilty plea and conviction resulting from this plea
agreement, and any sentence imposed for the conviction, in any
collateral attack, including but not limited to a motion brought
under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

13.  **WAIVER OF FOIA AND PRIVACY RIGHT**.  Mr. LeRose knowingly
and voluntarily waives all rights, whether asserted directly or by
a representative, to request or receive from any department or
agency of the United States any records pertaining to the
investigation or prosecution of this case, including without any
limitation any records that may be sought under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974,
5 U.S.C. § 552a, following final disposition.

14.  **FINAL DISPOSITION**. The matter of sentencing is within
the sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

_____
                                              Defendant's
                                              Initials

(a)   Inform the Probation Office and the Court of all relevant facts and conduct;

(b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence report;

(e)   Respond to statements made to the Court by or on behalf of Mr. LeRose;

(f)   Advise the Court concerning the nature and extent of Mr. LeRose's cooperation; and

(g)   Address the Court regarding the issue of Mr. LeRose's acceptance of responsibility.

15.   **VOIDING OF AGREEMENT**.   If either the United States or Mr. LeRose violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

16.   **ENTIRETY OF AGREEMENT**.   This written agreement constitutes the entire agreement between the United States and Mr. LeRose in this matter.   There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. LeRose in any Court other than the United States District Court for the Southern District of West Virginia.

_____
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

MICHAEL B. STUART
United States Attorney

By: _____

L. ALEXANDER HAMNER
Assistant United States Attorney

LAH/ebq

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this 8-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          07/01/2020
Michael Joseph LeRose                     Date Signed
Defendant

_____          1 Jul 20
John A. Carr, Esq.                        Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. __2:20-cr-00097__
                                      18 U.S.C. § 922(g)(3)
                                      18 U.S.C. § 924(a)(2)
MICHAEL JOSEPH LEROSE


I N F O R M A T I O N
Possession of a Firearm by an Unlawful
User of Controlled Substances

The United States Attorney Charges:


1.    On or about June 9, 2020, at or near Nitro, Kanawha
County, West Virginia, and within the Southern District of West
Virginia, defendant MICHAEL JOSEPH LEROSE did knowingly possess
the following firearms in and affecting interstate commerce:

      a.    A Stag Arms, model STAG-15, 5.56 mm caliber rifle,
serial number 170681;

      b.    A Mossberg, model 702 Plinkster, .22 caliber rifle,
serial number EJ3534359;

      c.    A Sig Sauer, model P320, 9mm caliber pistol, serial
number 58J076550;

      d.    A Sig Sauer, model P320, 9mm caliber pistol, serial
number 58A138662;

e.    An Anderson, model AM-15, multi caliber rifle, serial number 20076053; and

f.    An Anderson, model AM-15, multi caliber rifle, serial number 20067582.

2.    At the time defendant MICHAEL JOSEPH LEROSE possessed the aforesaid firearms, he knew he was an unlawful user of controlled substances as defined in Section 102 of the Controlled Substances Act (21 U.S.C. § 802) that is, marijuana and methamphetamine.

In violation of Title 18, United States Code, Sections 922(g)(3)and 924(a)(2).

UNITED STATES OF AMERICA

MICHAEL B. STUART
United States Attorney

By:    _____
L. ALEXANDER HAMNER
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:20-cr-00097

MICHAEL JOSEPH LEROSE


## STIPULATION OF FACTS

The United States and MICHAEL JOSEPH LEROSE (hereinafter
"defendant and I") stipulate and agree that the facts comprising
the offense of conviction (Single-Count Information in the
Southern District of West Virginia, Criminal No.
2:20-cr-00097, include the following:

On June 9, 2020, law enforcement executed a search warrant
on the residence of 107 Main Avenue, Nitro, West Virginia. I
had been living there for some time. I was present at the time
they executed the warrant.

Inside the residence, law enforcement recovered a .22
caliber rifle, a 5.56 mm caliber semi-automatic rifle, two 9mm
handguns, two AM-15 rifle receivers, and a full auto conversion
kit for a semi-automatic rifle. They also recovered assorted
ammunition, a homemade silencer, marijuana, and psychedelic
mushrooms. A tactical vest was also recovered in a separate
search of my car.

I admit and acknowledge that these firearms traveled in
interstate commerce, and that they were not manufactured in West
Virginia.

I agree that the .22 caliber rifle, a 5.56 mm caliber semi-
automatic rifle, and two 9mm handguns were functioning firearms.
I also agree that the two AM-15 rifle receivers are considered
firearms under 18. U.S.C. 921(a)(3).

I admit that I had been in possession of these firearms on
June 9, 2020, and before.


**PLEA AGREEMENT EXHIBIT B**

I agree that I have been a consistent user of controlled substances since at least 2005, including: marijuana, methamphetamine, cocaine and other drugs. I have used marijuana daily for at least the last ten years. In the last year, I have used methamphetamine approximately ten times.

I agree that at the time I possessed each of the firearms, I knew I was consistently using one or more of the above mentioned drugs. Specifically, I knew that I was using marijuana daily. I agree that my use of those drugs was not due to any prescription by any doctor. I knew that my use of those drugs was illegal. I knew when I possessed the firearm on June 9, 2020, that I was a drug user and had been for at least the previous 15 years.

This Stipulation of Facts does not contain each and every fact known to defendant and to the United States concerning his involvement and the involvement of others in the charges set forth in the Information.

Stipulated and agreed to:

_____     07/01/2020
MICHAEL JOSEPH LEROSE                Date
Defendant

_____     1 Jul 20
JOHN A. CARR                         Date
Counsel for Defendant

_____     07/02/2020
L. ALEXANDER HAMNER                  Date
Assistant United States Attorney